UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEGRITO PAUL NOEL,

                        Plaintiff,

          v.

OFFICER BRADLEY CLOUSTON,
In his Individual and Official Capacity, et al.,

                        Defendants.

_____

DECISION & ORDER

21-CV-6559CJS

On August 31, 2021, *pro se* plaintiff Negrito Paul Noel filed this action pursuant to 42 U.S.C. § 1983 asserting various claims, most of which were dismissed with prejudice. (Docket ## 1, 3). Among the claims dismissed was his claim that he was subjected to excessive force through the use of handcuffs that were too tight during the course of an arrest. (Docket # 3). He was granted leave to replead that claim. (*Id.*). On July 26, 2022, he filed an amended complaint asserting that defendant Bradley Clouston, an officer with the Town of Brighton Police Department ("BPD"), used excessive force against him during his arrest on June 1, 2021, and that defendant David Catholdi, Chief of the BPD, and other unnamed officers failed to intervene. (Docket # 5). Those claims were permitted to proceed, although other claims in the amended complaint were dismissed. (Docket # 6).

        Currently pending before this Court are plaintiff's motion for appointment of counsel (Docket # 27) and defendants' motion to compel plaintiff to execute a notarized authorization permitting defendants to obtain sealed records relating to his arrest (Docket # 34). Each is addressed below.

**DEFENDANTS' MOTION TO COMPEL**

With respect to defendants' motion to compel, they represent that the records they

seek to obtain are sealed pursuant to New York Criminal Procedure Law § 160.50 because the

criminal proceedings were resolved in plaintiff's favor.  (*Id.*).  They contend that the records,

which include body worn camera footage of the arrest, are relevant to the disputed issue raised

by plaintiff's claim: whether defendants used excessive force in connection with his arrest.[1]

(*Id.*).

Plaintiff opposes the motion on the grounds that the relief defendants seek is not

authorized by law.  (Docket # 36).  Specifically, he maintains, "[w]ithout question, there is no

provision in any pasture of law, let alone the controlling law pursuant to CPL 160.50, that mows

a path for the defendants [and their counsel] to freely gain access to records under seal in this

matter."  (*Id.* at 1).  Plaintiff argues that defendants' motion papers cite no legal authority

entitling them to obtain the records.  (*Id.* at 2).  He further suggests that defendants should be

sanctioned for filing a frivolous motion.  (*Id.*).

Ample authority supports defendants' motion to compel plaintiff to sign a written

authorization directing that the sealed records of his arrest be unsealed and disclosed to

defendants.  Indeed, in a case similar to the instant case, *Vassel v. Palisades Funding Corp.*,

2022 WL 1003681 (E.D.N.Y. 2022), the district court affirmed the magistrate judge's order

requiring plaintiff to sign an authorization under Section 160.50 releasing sealed criminal records

to the defendants.  In that case, like this, plaintiff brought suit under 42 U.S.C. § 1983 alleging

---

[1]  As recounted in defendants' submission, at defendants' request, this Court's law clerk conducted a
conference with the parties to discuss plaintiff's concerns about executing the release.  Following the conference,
plaintiff refused to execute a version of the release that had been revised to include language negotiated during the
conference to address the plaintiff's articulated concerns.  Despite the Court's expectation that plaintiff would
execute the revised release, plaintiff refused to do so.  Plaintiff's continued refusal to execute the release prompted
defendants to file this formal motion.  (Docket # 34).

that two of the defendants had subjected him to excessive force during a traffic stop. *Id.* at *1.

Defendants attempted several times without success to obtain a signed release from plaintiff. *Id.*

They thereafter moved the court to compel plaintiff to execute a release for sealed criminal

records "relating to the underlying incident." *Id.* In affirming the magistrate judge's order

granting the motion, the district judge stated:

> These records can be unsealed. . . . While New York Criminal
> Procedure Law §160.50 calls for the records of a criminal
> proceeding to be sealed whenever the defendant is acquitted, New
> York Courts have held this privilege waived when an acquitted
> defendant commences a civil action and affirmatively places the
> information protected by CPL 160.50 into issue.

*Id.* at *2 (citing *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000) (internal quotations

omitted). The district court warned the plaintiff that it would consider dismissal of the lawsuit if

plaintiff failed to execute the authorization. *Id.*

Indeed, this Court has previously observed that "persuasive authority" supports a

defendant's application for "an order compelling [a] plaintiff to execute an unsealing affidavit

relating to the underlying criminal proceedings which give rise to . . . claims asserted by plaintiff

in th[e] civil action." *McIntosh v. Cnty. of Monroe*, 2018 WL 3322764 (W.D.N.Y. 2018)

(collecting cases). As the Second Circuit has acknowledged, "a party who voluntarily initiates a

civil action that [raises] issues covered by § 160.50 can therefore be viewed as having waived the

protective veil of privacy that the law affords." *Green v. Montgomery*, 219 F.3d at 57. *See also*

*Cicero v. City of New York*, 2011 WL 3099898, *4 (E.D.N.Y. 2011) ("[g]iven the broad range of

discovery and the relevance of these records to plaintiff's damages claims, the [c]ourt [o]rders

plaintiff to produce an authorization for all prior arrest records"); *Weir v. City of New York*, 2007

WL 528813, *1 (S.D.N.Y. 2007) (directing plaintiff to provide defendants with a signed and

3

notarized authorization for release of sealed criminal records relating to his arrest and

prosecution in civil case asserting claims of false arrest and malicious prosecution).

Here, where plaintiff has asserted that defendants have violated his rights by using

excessive force during his arrest and by failing to intervene to prevent or stop that force, the

sealed records are plainly relevant.  According to counsel, they likely contain reports, which

presumably describe the arrest, and, most importantly, contemporaneous video footage of his

arrest.  Applying the persuasive authority cited above, I direct plaintiff to provide counsel for

defendants with a signed and notarized release authorizing disclosure to defendants' counsel of

the sealed records relating to plaintiff's arrest.  A copy of the Authorization to be signed and

notarized is attached to this decision.  Plaintiff must provide the signed and notarized release to

counsel by no later than **November 15, 2023**.  Failure to do so will likely result in a

recommendation by the undersigned to United States District Judge Charles J. Siragusa to

dismiss plaintiff's action.  Promptly upon receipt of the unsealed records, counsel for defendants

shall provide plaintiff with a copy of the records received.

Accordingly, defendants' motion to compel **(Docket # 34)** is **GRANTED**.

Defendants and their counsel are permitted to use the sealed records only for purposes of

defending this lawsuit.

## **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

I turn next to plaintiff's request for appointment of counsel.  (Docket # 27).  It is

well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the

court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*,

*Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988),

4

such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737

F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel

include the following:

> 1.  Whether the indigent's claims seem likely to be of substance;
>
> 2.  Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4.  Whether the legal issues involved are complex; and
>
> 5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802

F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer

lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d

Cir. 1989). Therefore, the Court should look to the "likelihood of merit" of the underlying

dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be

appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are

therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying

counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have

little merit).

The Court has reviewed the facts presented herein in light of the factors required

by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and

*Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  Plaintiff has not done so at this stage.  Consideration of the nature of the factual and legal issues involved in this case, as well as plaintiff's ability to present his claims, also weighs against appointment of counsel.  Nor do the legal issues in this case appear to be complex.

Plaintiff maintains that he requires the assistance of counsel because he does not have access to PACER and because he lacks the ability to "research all the facts and laws in this matter."  (Docket # 27).  Although plaintiff may face some challenges in investigating facts and conducting legal research due to his limited resources, review of plaintiff's filings demonstrates that he has submitted multiple complaints and several submissions that are supported by citation to both facts and caselaw.  His conduct in prosecuting this matter to date suggests that he is capable of understanding and handling the litigation.  The Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination.  *See Boomer v. Deperio*, 2005 WL 15451, *1-2 (W.D.N.Y. 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); *Harris v. McGinnis*, 2003 WL 21108370, *2 (S.D.N.Y. 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

On this record, plaintiff's request for the appointment of counsel **(Docket # 27)** is

**denied without prejudice** at this time.  It is plaintiff's responsibility to retain an attorney or

press forward with this lawsuit *pro se.*  *See* 28 U.S.C. § 1654.

IT IS SO ORDERED.

_s/Marian W. Payson_

MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        October 27, 2023

AUTHORIZATION FOR RELEASE OF SEALED RECORDS
PURSUANT TO NEW YORK CRIMINAL PROCEDURE LAW §160.50(1)(d)

I, Negrito Paul Noel, Date of Birth, November 22, 1966, hereby authorize the Town of Brighton

Justice Court and Town of Brighton Police Department, to release records related to the criminal action,

terminated in my favor, entitled People of the State of New York vs. Negrito Paul Noel, Case Number:

21-018040, in the Town of Brighton, County of Monroe and State of New York, stemming from my

arrest on June 1, 2021 by Town of Brighton Police and I designate Jonathan Marc Bernstein, Esq.,

attorney at Goldberg Segalla LLP, to receive the records related to that arrest.

I understand that until now the records related to my June 1, 2021 arrest by Town of Brighton

Police have been sealed pursuant to CPL §160.50, which permits those records to be made available only

(1) to persons designated by me, or (2) to certain other parties specifically designated in that statue.

I further understand that any person designated by me as a person to whom the records may be

made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to Jonathan Marc Bernstein, Esq. shall comprise all records and

papers, including body worn camera video, relating to my arrest and prosecution in the criminal action

identified above that are on file with the Town of Brighton Justice Court, and the Town of Brighton

Police Department, that were ordered to be sealed under the provisions of CPL §160.50.

The records authorized for release pursuant to this authorization shall be sent to the person of

Jonathan Marc Bernstein, Esq., of Goldberg Segalla LLP, at 8 Southwoods Blvd., Suite 300, Albany, NY

12211-2526.

This authorization designates only Jonathan Marc Bernstein, Esq. to receive said records.


_____
Negrito Paul Noel

Sworn to before me this
_____ day of _____ 2023.

_____
(Notary Public)

8