UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEGRITO PAUL NOEL,

                Plaintiff,

     v.

OFFICER BRADLEY CLOUSTON, et al.,

               Defendants.
_____

<u>DECISION & ORDER</u>

21-CV-6559CJS

On August 31, 2021, *pro se* plaintiff Negrito Paul Noel filed this action pursuant to 42 U.S.C. § 1983 asserting that defendant Bradley Clouston, an officer with the Town of Brighton Police Department ("BPD"), defendant David Catholdi, Chief of the BPD, and three other unnamed BPD officers, used excessive force against him or failed to intervene in the use of excessive force during his arrest on June 1, 2021.[1]  (Docket ## 1, 3, 5, 6).

Currently pending before this Court is Noel's motion for permission to file electronically.  (Docket # 46).  Also pending is Noel's motion to compel.  (Docket # 49).

I.     <u>**Motion for Permission to File Electronically**</u>

Rule 5 of the Federal Rules of Civil Procedure provides that a *pro se* litigant "may file electronically only if allowed by court order or by local rule."  Fed. R. Civ. P. 5(d)(3)(B)(i). The Local Rules of Civil Procedure incorporate by reference the Court's CM/ECF

---

[1]  Noel's original complaint and amended complaint asserted additional claims and included additional defendants.  (Docket # 1, 5).  Those other claims and defendants have been dismissed.  (Docket ## 3, 6).

Administrative Procedures Guide ("the Guide"), which in turn sets forth the requirements and procedures for electronic filing. *See* W.D.N.Y. Local Rule 5.1(a). The Guide allows the Court in its discretion to "grant a pro se litigant who demonstrates a willingness and capability to file documents electronically, permission to register to do so." W.D.N.Y. Administrative Procedures Guide for Electronic Filing, Administrative Procedures.

The Court declines to exercise its discretion to allow Noel to file documents electronically. Noel seeks permission to file electronically, maintaining that mailing documents for filing is more costly and takes longer. (Docket # 46). On this record, I conclude that Noel has failed to demonstrate that "he has the necessary technical and equipment requirements for e-filing." *See Foster v. Zones/E. Nfastructure Tech., Inc.*, 2022 WL 507343, *6 (W.D.N.Y. 2022). Moreover, although Noel suggests that mailing documents for filing is cumbersome, review of the docket shows that Noel regularly files letters and motions with the Court by mailing or presenting them to the Clerk's Office. "Because [Noel] has not provided a persuasive reason for the Court to grant his motion for permission to use the electronic filing system, [Noel's] motion is denied without prejudice." *See Zuccarino v. Town of Hector*, 2020 WL 2319870, *1 (W.D.N.Y. 2020).

II.   **Motion to Compel**

On October 24, 2023, this Court issued an Amended Scheduling Order setting a February 27, 2024 deadline for completion of fact discovery and the filing of motions to compel. (Docket # 42). On January 24, 2024, Noel served a set of document demands on defendants. (Docket # 47). That same day, Noel also sent a letter to defendants identifying deficiencies in the defendants' initial disclosures. (Docket # 45). Specifically, Noel requested that defendants

identify all law enforcement personnel depicted on the body-worn camera footage from Noel's arrest.  (*Id.*).  On February 27, 2024, Noel filed the pending motion to compel seeking responses to his document requests.  (Docket # 49).

On March 1, 2024, defendants responded to Noel's January 24, 2024 deficiency letter, representing that their initial disclosures are complete because they identify the three BPD officers captured on the body-worn camera: defendant Clouston, as well as Lieutenant Cecere and Officer Peck.  (Docket # 52-2; *see also* Docket # 52-3 at 15).  According to defendants, the other law enforcement personnel visible on the body-worn camera recordings were members of the Monroe County Sheriff's Office, and Noel must demand their identities through the Monroe County Sheriff's Office.  (Docket # 52-2).  On March 8, 2024, defendants served written responses to Noel's document requests.  (Docket # 52-3 at 2-11).

Defendants oppose the pending motion to compel on the grounds that Noel failed to confer in good faith prior to filing the pending motion.  (Docket # 52-1 at ¶ 8).  Additionally, although defendants acknowledge that they failed to provide their responses within thirty days after service of the demands, they maintain that Noel's motion is moot because they have now served written responses to his document demands.  (*Id.* at ¶ 3).

I agree that Noel failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure because he made no meaningful effort to resolve or narrow his discovery disputes with defendants prior to filing the motion to compel.  *See* Fed. R. Civ. P. 37(a)(1) ("[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").  Although the Court had set a deadline of February 27, 2024 for filing motions to compel, that deadline did not relieve the parties of their pre-filing obligation to meet and confer

in good faith.  Nothing in the record suggests that the parties ever meaningfully conferred about

the discovery dispute prior to the filing of the pending motion,[2] or that plaintiff sought an

extension of the deadline; Noel's failure to comply with Rule 37 warrants denial of his motion.

*See Brown v. Clayton*, 2013 WL 1409884, *2 (D. Conn. 2013) ("[t]he failure to follow the meet

and confer requirement is a sufficient basis for denying the motion to compel").

   Moreover, denial of Noel's motion to compel is warranted on the separate

grounds that defendants have now provided written responses to the document requests.

Accordingly, Noel's request for an order compelling them to do so is now moot.  *Vega v.*

*Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to

compel certain discovery responses[;] [b]ecause defendants represent that they have now

produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith*

*v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's

request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to

his requests for admissions, such motion is denied as moot").

   Although Noel's motion to compel is properly denied for the procedural reasons

identified above, the motion is also properly denied on the merits.  In the interests of efficiency, I

have reviewed Noel's document requests, defendants' responses (Docket # 52-3 at 1-12), and

Noel's objections to the defendants' responses (Docket # 58), and conclude that the defendants

have adequately responded to Noel's document requests.  The majority of Noel's requests are

indecipherable or incomprehensible, and they seek information that is not relevant to the

excessive force and failure to intervene claims at issue in this litigation.  I conclude that there

---

[2] On March 25, 2024, Noel filed a document that appears to constitute an attempt to satisfy his obligation to meet and confer with defendants regarding their responses to his discovery requests.  (Docket # 58).

would be no benefit to any further conferrals between the parties with respect to these requests. Accordingly, I deny Noel's motion to compel on the merits.

I reach a different conclusion with respect to the issue of defendants' failure to identify the individuals from the Monroe County Sheriff's Office who are depicted in the body-worn camera footage – an issue not encompassed by Noel's motion to compel. Although defendants are correct that Noel could seek this information from the Monroe County Sheriff's Office, parties generally are required to produce relevant information within their possession, custody, or control. Nevertheless, it does not appear that Noel has ever demanded the individuals' identities through an appropriate discovery request, such as an interrogatory.[3] Instead, Noel maintains that the identities of the individuals should have been included in defendants' Rule 26 disclosures. (Docket # 45).

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to identify "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). With this in mind, defendants are directed to review their initial disclosures and determine whether to supplement their responses. Any supplemental response must be served on or before **April 9, 2024**. In the event that defendants do not serve a supplemental response identifying the individuals from the Monroe County Sheriff's Office who are depicted in the body-worn camera footage by that date, Noel may serve interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure requesting that defendants identify those individuals. Any such interrogatories must be served on or before **April 23, 2024**.

---

[3] Noel's document demands requested the identities of these individuals. (Docket # 52-3 at 9, ¶ 24). A document demand, however, is not the appropriate discovery tool to demand identification of individuals.

<u>**CONCLUSION**</u>

For the foregoing reasons, Noel's motion to compel **(Docket # 49)** is **DENIED**

and his motion for permission to file electronically **(Docket # 46)** is **DENIED without**

**prejudice**.

**IT IS SO ORDERED.**


                                                        *s/Marian W. Payson*
                                                        MARIAN W. PAYSON
                                                        United States Magistrate Judge

Dated:  Rochester, New York
          March 28, 2024

6