UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEGRITO PAUL NOEL,

                            Plaintiff,

      v.

OFFICER BRADLEY CLOUSTON, et al.,

                            Defendants.
_____

DECISION & ORDER

21-CV-6559CJS

On August 31, 2021, *pro se* plaintiff Negrito Paul Noel filed this action pursuant to 42 U.S.C. § 1983 asserting that defendant Bradley Clouston, an officer with the Town of Brighton Police Department ("BPD"), defendant David Catholdi, Chief of the BPD, and three other unnamed BPD officers used excessive force against him or failed to intervene in the use of excessive force during his arrest on June 1, 2021.[1]  (Docket ## 1, 3, 5, 6).

Currently pending before this Court are Noel's requests for permission to file electronically and for appointment of counsel.[2]  (Docket # 61).

I. **Motion for Permission to File Electronically**

This is the second time Noel has requested permission to file documents electronically.  (Docket ## 46, 61).  By Decision and Order dated March 28, 2024, this Court

---

[1] Noel's original complaint and amended complaint asserted additional claims and included additional defendants.  (Docket ## 1, 5).  Those other claims and defendants have been dismissed.  (Docket ## 3, 6).

[2] Noel's motion also seeks leave to file an amended complaint.  (Docket ## 61, 62).  That portion of the motion is addressed in a separate order.

declined to exercise its discretion to allow Noel to file documents electronically, explaining that Noel had "failed to demonstrate that he has the necessary technical and equipment requirements for e-filing" and that Noel had failed to provide "a persuasive reason for the Court to grant his motion." (Docket # 59 at 2). Noel's current request fails to cure those deficiencies. (Docket # 61). Accordingly, for the reasons previously stated in my March 28, 2024 Decision and Order (Docket # 59), the Court declines to exercise its discretion to allow Noel to file documents electronically.

II.     **Motion to Appoint Counsel**

Also pending is Noel's third request for appointment of counsel. (Docket # 61). Noel maintains that appointment of counsel is necessary because it would assist him in "keep[ing] up with the demands of these cases." (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

>   5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court should look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Consideration of the nature of the factual and legal issues involved in this case, as well as plaintiff's ability to present his claims, also weighs against appointment of counsel. The legal issues in this case also do not appear to be complex. Finally, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination.

On this record, plaintiff's request for appointment of counsel is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654.

## CONCLUSION

For the foregoing reasons, those portions of Noel's motion that seek permission to file electronically and for appointment of counsel **(Docket # 61)** are **DENIED without prejudice**. The Court addresses Noel's request to amend his complaint **(Docket ## 61, 62)** by separate order.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 22, 2024