UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEGRITO PAUL NOEL,

     Plaintiff,

 v.

OFFICER BRADLEY CLOUSTON, *et al.*,

     Defendants

**DECISION AND ORDER**

6:21-CV-06559 CJS CDH

---

**BACKGROUND**

*Pro se* plaintiff Negrito Paul Noel ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983.  On March 11, 2025, the Court entered a Decision and Order denying two motions to amend filed by Plaintiff, concluding that Plaintiff had not demonstrated good cause for the untimely filing of those motions.  (Dkt. 90) (the "Motion to Amend Decision').  Plaintiff subsequently filed two motions: (1) a motion for reconsideration of the Motion to Amend Decision and for appointment of counsel (Dkt. 91); and (2) a motion that the Court construes as seeking the undersigned's recusal from this matter, as well as additional discovery (Dkt. 95).  For the reasons that follow, Plaintiff's motions are denied.

In addition, defendant David Catholdi ("Defendant") has filed a letter request for an extension of the dispositive motion deadline.  (Dkt. 94).  That request is granted in part, to the extent that the deadline is extended to May 30, 2025.

## DISCUSSION

### I.   Motion to Recuse and for Additional Discovery

#### A.   Recusal

The Court considers first Plaintiff's request that the undersigned recuse herself from this matter.  As a threshold matter, the Court notes that Plaintiff appears to be under the misapprehension that his consent is required for the undersigned to handle non-dispositive matters.  (*See* Dkt. 95 at 1 (stating that "THE CONSENT FOR THE UNITED STATE MAGISTRATE JUDGE COLLEEN D. HOLLAND TO ADMINISTER THIS CASE IS WITHDRAWN" and that Plaintiff is "writing to clarify that [he does] not consent to Magistrate Judge Colleen D. Holland administering this or any other case I may file in the United States District Court.")).  "[C]onsent of the parties is not necessary for the undersigned to conduct and rule upon pre-trial proceedings that are non-dispositive—matters which are well within the authority vest[ed in] a United States Magistrate Judge."  *Lynch v. Dep't of Educ. of City of New York*, No. 24-CV-7795, 2025 WL 736564, at *4 (E.D.N.Y. Mar. 7, 2025) (citation omitted); *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Any purported withdrawal of consent by Plaintiff simply has no bearing on the undersigned's authority to hear and decide non-dispositive matters in this case.

Plaintiff later asks that the undersigned "be recused from all current and future matters involving [him]."  (Dkt. 95 at 2).  The basis for this request appears to be Plaintiff's belief that the Motion to Amend Decision was "entered without a full review of the complete record or adequate proofreading by the Magistrates' [sic] law

clerk," because the Motion to Amend Decision referred to one prospective new defendant as both "Overenue" and "Overend." (*Id.* at 1-2).

"Recusal motions are committed to the sound discretion of the district court[.]" *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's adverse ruling is not a basis for recusal, nor is a claim that the judge committed legal error. *See, e.g., Mitchell v. Mayorkas*, No. 20-CV-1183-JLS, 2021 WL 4244327, at *2 (W.D.N.Y. Aug. 24, 2021).

Here, Plaintiff has pointed to nothing from which the undersigned's impartiality might reasonably be questioned. The Court used two different names for the prospective defendant in the Motion to Amend Decision because Plaintiff himself used two different names in his first and second motions to amend. In any event, even had the Court committed an error as Plaintiff alleges, that would not be a basis for recusal. Judges are not required to be infallible, and the legal process provides ample opportunities for the correction of error. Plaintiff's request that the undersigned recuse herself is denied.

### B.   Additional Discovery

Plaintiff also requests additional discovery, citing the Court's alleged error in the Motion to Amend Decision as proof that "neither [Plaintiff] not the Court can be certain of the true identities of the prospective defendants." (Dkt. 95 at 1). This request is denied. Fact discovery closed in this matter over a year ago. (*See* Dkt. 42).

Plaintiff has failed to address this fact or to demonstrate good cause for reopening discovery at this late juncture.

For these reasons, the Court denies Plaintiff's motion for recusal and additional discovery. (Dkt. 95). The Court notes that Plaintiff requested that he be permitted to file a reply "before any further decision is entered." (*Id.* at 2). However, Defendant has not filed a response to this motion, and so there is nothing for Plaintiff to reply to. Nor is the Court required to await additional papers when it is able to resolve Plaintiff's motion based on the record before it.

## II.    Motion for Reconsideration and Appointment of Counsel

### A.    Reconsideration

"The Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration.'" *Neubecker v. New York State*, 387 F. Supp. 3d 302, 303 (W.D.N.Y. 2019). Courts may construe motions for reconsideration "as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* (citation omitted). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

Here, Plaintiff seeks reconsideration because he contends that the Court failed to afford him adequate consideration as a *pro se* litigant. (*See* Dkt. 91 at 6). Specifically, he contends that the Court should not have applied the standard set forth in Rule 16 when considering his motions to amend, but should have applied the more liberal standard found in Rule 15. (*Id.*). He further contends that it was error for the Court to base its decision in part on earlier decisions by other judges dismissing certain of his claims. (*Id.*).

There arguments lack merit. While Plaintiff's *pro se* status entitles him to additional solicitude, it does not excuse his compliance with either the Federal Rules of Civil Procedure or the Court's scheduling orders, nor provide a basis for failing to apply the appropriate legal standard. *See, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law") (quotation omitted); *Gross v. Sanchez*, No. 20-CV-4873 DGJMW, 2023 WL 5486249, at *2 (E.D.N.Y. Aug. 24, 2023) ("[E]ven *pro se* litigants, as Plaintiff is here, are required to adhere to the federal and local rules in the same manner as other litigants.") (collecting cases); *Romero v. Teamsters Union Local 272*, 1:15-CV-07583-GHW, 2019 WL 4688642, at *8 (S.D.N.Y. Sept. 25, 2019) ("[T]o conclude that [a] [p]laintiff's *pro se* status alone is sufficient to constitute good cause under Fed. R. Civ. P. 16(b)(4) would entirely deprive Rule 16 scheduling orders of their efficacy in any case involving a *pro se* party.").

Further, "[u]nder the law of the case doctrine, a decision on an issue made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir.1991). The Court will not depart from this doctrine "absent cogent or compelling reasons." *In re Nassau Cnty. Strip Search Cases*, 958 F. Supp. 2d 339, 343 (E.D.N.Y. 2013) (citation omitted). It was not erroneous for the Court to adhere to the prior rulings in this matter in issuing the Motion to Amend Decision.

Plaintiff also argues that there was a "misrepresentation of the facts" regarding his diligence with respect to his motions to amend. (Dkt. 91 at 6-7). But Plaintiff does not demonstrate any actual misrepresentation. Further, he fails to address many of the facts that the Court found relevant in reaching its determination with respect to diligence, and also fails to address the Court's conclusions regarding prejudice to Defendant. Plaintiff's disagreement with the Motion to Amend Decision is not a basis for reconsideration. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision."). Plaintiff also repeats a number of arguments regarding the merits of claims that have previously been dismissed, but a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners,*

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks and citation omitted).

In sum, the Court finds no basis to reconsider the Motion to Amend Decision. Plaintiff's request for reconsideration is denied.

### B.      Appointment of Counsel

Plaintiff also asks the Court to appoint him counsel, "since he cannot afford one, there is difficulty searching for the cases and . . . he is unable to state a proper claim." (Dkt. 91 at 8).

Unlike in a criminal matter, there is no right to appointed counsel in civil cases. The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

The factors to be considered in deciding whether to assign counsel include: (1) whether the claims seem likely to be of substance; (2) whether the litigant is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a

just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also*

*Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). "[E]ven though a claim may not

be characterized as frivolous, counsel should not be appointed in a case where the

merits of the . . . claim are thin and his chances of prevailing are therefore poor."

*Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

Having carefully considered the appropriate factors, the Court finds that

appointment of counsel is not warranted at this time.  Plaintiff has not demonstrated

that his claims are likely to be of sufficient merit to warrant appointment of counsel,

nor does the case involve complex legal issues.  The other relevant factors also do not

favor appointment of counsel.  Accordingly, Plaintiff's request for appointment of

counsel is denied without prejudice. It is Plaintiff's responsibility to retain an

attorney or move forward with this lawsuit *pro se. See* 28 U.S.C. § 1654.

## III.    Request to Extend Dispositive Motion Deadline

Defendant has filed a letter request asking the Court to extend the dispositive

motion deadline due to the uncertainty caused by the filing of Plaintiff's motion for

reconsideration.  (Dkt. 91).  The Court agrees with Defendant that it was not

practicable for Defendant to file a dispositive motion while Plaintiff's motion for

reconsideration was pending.  However, the Court has now decided that motion.

Accordingly, the Court finds that only a modest adjustment of the dispositive motion

deadline is necessary.  The Court accordingly extends the deadline for filing

dispositive motions to **May 30, 2025**.

- 9 -

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration and to appoint counsel (Dkt. 91) and Plaintiff's motion for recusal and for additional discovery (Dkt. 95). The Court grants Defendant's letter request for an extension of the dispositive motion deadline to the extent that the deadline for filing dispositive motions is extended to **May 30, 2025**.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: May 2, 2025
      Rochester, New York